FILED 1st JUDICIAL DISTRICT COURT
Santa Fe County
10/3/2024 1:17 PM
KATHLEEN VIGIL CLERK OF THE COURT
Jessica E Castaneda

STATE OF NEW MEXICO
COUNTY OF SANTA FE
FIRST JUDICIAL DISTRICT COURT

TODD M. LOPEZ, as Personal Representative of the
Wrongful Death Estate of Anthony Rivera, Deceased, and
ELIZABETH PRIETO-GOMEZ,

    Plaintiffs,

v.   No. D-101-CV-2024-02393

Case assigned to Ellenwood, Kathleen McGarry

BENITO VEGA and
BRADY WELDING & MACHINE SHOP INC.,

    Defendants.

## COMPLAINT FOR WRONGFUL DEATH

Plaintiffs, for their Complaint, state:

### PARTIES, JURISDICTION & VENUE

1. Plaintiff Todd M. Lopez is the personal representative of the Wrongful Death Estate of Anthony Rivera, deceased.

2. Plaintiff Lopez is a citizen and resident of New Mexico, and resides in Santa Fe County, New Mexico.

3. At the time of his passing, the decedent Anthony Rivera was a resident of El Paso County, Texas.

4. Defendant Vega is a resident of Webb County, Texas.

5. Plaintiff Elizabeth Prieto-Gomez is the mother of Mr. Rivera.

6. Defendant Brady Welding & Machine Shop, Inc. ("Brady") is an Oklahoma corporation.

7. The incident described herein occurred in the State of New Mexico.



1

EXHIBIT A

8. This Court has jurisdiction over the parties and subject matter herein and venue is Proper in this district pursuant to § 38-3-1 NMSA 1978.

## FACTS

9. The injuries, death, and damages suffered by Plaintiffs arise out of a motor vehicle collision that occurred on February 25, 2024, in Eddy County, New Mexico.

10. At such time and place, Mr. Rivera was driving a passenger car northbound on US Highway 285. Defendant Vega was driving a 2013 Kenworth truck and tanker westbound on State Road 31 approaching the intersection with US Highway 285, which was controlled by a stop sign for drivers on State Road 31 only. Defendant Vega attempted to make a left-hand turn to southbound US Highway 285, without keeping a proper lookout and without yielding to oncoming traffic on US Highway 285, including Mr. Rivera's vehicle, and caused a collision with Mr. Rivera. As a result of the collision, Mr. Rivera sustained life ending injuries.

11. At the time of the collision, Defendant Vega was in the course and scope of his employment with and under the control of Defendant Brady.

## NEGLIGENCE OF DEFENDANT VEGA

12. Defendant Vega owed a duty of reasonable care to Plaintiffs.

13. Defendant's actions in causing the collision with Mr. Rivera, as described herein, breached this duty, and proximately caused the collision, Mr. Rivera's injuries and death and Plaintiffs' damages.

## RESPONDEAT SUPERIOR LIABILITY OF
## DEFENDANT BRADY WELDING & MACHINE SHOP, INC.

14. At the time of the collision, Defendant Vega was an employee or agent acting within the course and scope of his employment for Defendant Brady.

15. Defendant Brady is therefore liable for the actions and omissions of Defendant Vega

pursuant to the theory of respondeat superior.

16. Further, Defendant Brady is deemed to be the statutory employer of Defendant Vega under the Federal Motor Carrier Safety Regulations, thus making it liable for the acts and omissions of Defendant Vega.

**DIRECT CLAIMS OF NEGLIGENCE AND NEGLIGENT ENTRUSTMENT AGAINST DEFENDANT BRADY WELDING & MACHINE SHOP, INC.**

17. Plaintiffs' injuries and damages were proximately caused by the direct negligence of Defendant Brady as described below and herein.

18. At the time of the collision, Defendant Brady Welding & Machine Shop committed acts and/or omissions that constitute negligence, including, but not limited to, the following:

   A. Failure to properly educate, instruct, and supervise Defendant Vega in the performance of his duties;

   B. Failure to supply adequate and reasonably competent drivers and workers;

   C. Failure to provide adequate training to its drivers in the operation of its vehicle;

   D. Failure to train its drivers to operate motor vehicles in accordance with the law, ordinances and regulations of the State of New Mexico and the United States;

   E. Negligent hiring, supervision, retention, training, and entrustment;

   F. Failing to exercise reasonable care in the selection and monitoring of its drivers; and

   G. Failure to provide training, which met industry standards.

**DAMAGES**

19. As a direct and proximate cause of the negligence of Defendants, Mr. Rivera was severely injured and died, and Plaintiffs suffered damages, including, without limitation:

   A. Hedonic damages;

    B. Pain, suffering, excruciating physical agony and mental anguish prior to Mr. Rivera's death;

    C. Severe bodily injuries;

    D. Loss of earnings and earning capacity;

    E. Funeral expenses; and

    F. Exemplary and punitive damages.

20. Plaintiff Prieto-Gomez, as surviving beneficiary and parent of the deceased, has sustained injuries and damages as a result of the wrongful death of their son, Anthony Rivera, including, but not limited to the following:

    A. Pecuniary loss, including the loss of the care, maintenance, wages, support, services, advice, counsel, guidance, and reasonable contributions of pecuniary value sustained in the past and within reasonable probability, to be sustained in the future.

    B. Loss of her son's love, affection, advice, counsel, care, comfort, protection, attention, society, and companionship sustained in the past and within reasonable probability, will be sustained in the future.

    C. Mental anguish sustained in the past and within reasonable probability, will be sustained in the future.

    D. Loss of consortium.

    E. Loss of household services and services.

    F. Loss of her son's financial support.

WHEREFORE, Plaintiffs pray for judgment against Defendants, jointly and severally, awarding the following relief:

1) Compensatory damages in an amount to be determined at trial;

2) Punitive damages in a just amount;

3) Pre-judgment interest at the highest statutory rate;

4) Post-judgment interest at the highest statutory rate; and

5) Such other or further relief as the Court deems just and proper.

        ELIAS LAW P.C.

By:    */s/ Michael C. Ross*
      MICHAEL C. ROSS
111 Isleta Blvd. SW, Suite A
Albuquerque, NM 87105
(505) 221-6000
*Attorney for Plaintiffs*